Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Matthew.rollin@sriplaw.com

*Counsel for Plaintiff Voltstar Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPIGEN INC., <br><br> Defendant. | CASE NO.: 8:23-cv-02101-AB-DFM <br><br> **VOLTSTAR TECHNOLOGIES, INC.'S ANSWER TO COUNTERCLAIM** |

Plaintiff Voltstar Technologies, Inc. ("Voltstar"), by and through its undersigned counsel, and for its Answer to Defendant Spigen Inc. ("Spigen") Counterclaims (ECF 21), states as follows:

## PARTIES

1. Admit.
2. Admit.

///
///

# JURISDICTION

3. Voltstar restates and reaffirms its answers to Paragraphs 1-2 above, as if fully set forth herein.

4. Admit.

5. Admit.

6. Admit that Venue is proper in this District. Denied as to the remaining allegations in this paragraph.

# COUNT 1

# DECLARATION REGARDING NON-INFRINGEMENT

7. Voltstar restates and reaffirms its answers to Paragraphs 1-6 above, as if fully set forth herein.

8. Admitted that there is a justiciable controversy between Spigen and Voltstar with respect to the infringement of the '794 Patent. Denied as to the remaining allegations within this paragraph. To the extent that any such allegations are not legal conclusions, Voltstar denies the same.

9. Denied.

10. Denied.

# COUNT 2

# DECLARATION REGARDING INVALIDITY

11. Voltstar restates and reaffirms its answers to Paragraphs 1-10 above, as if fully set forth herein.

12. Admitted that there is a justiciable controversy between Spigen and Voltstar with respect to the infringement of the '794 Patent. Denied as to the remaining allegations within this paragraph. To the extent that any such allegations are not legal conclusions, Voltstar denies the same.

13. Denied.

14. Denied.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

For Voltstar's first affirmative defense, it alleges that the Counterclaim-Plaintiff Spigen fails to state a claim upon which relief may be granted. Among other reasons, as to Spigen's Counterclaim for invalidity of the '794 Patent, Spigen fails to allege facts sufficient to state a plausible claim that the cited prior art discloses the elements of the asserted Claims of the '794 Patent, or otherwise anticipates or makes obvious that asserted Claims of the '794 Patent. Among other reasons, as to Spigen's Counterclaim for non-infringement, Spigen fails to allege facts sufficient to state a plausible claim that the Accused Products do not practice each element of the asserted Claims of the '794 Patent.

## SECOND AFFIRMATIVE DEFENSE

For Voltstar's second affirmative defense, it alleges that the cited art was not invented prior to the invention of the '794 Patent. The '794 Patent predates the America Invents Act, and therefore is subject to the "first to invent" rule.

## RESERVATION OF AFFIRMATIVE DEFENSES

Voltstar hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become apparent during discovery in this action and hereby reserves its right to amend its Answer to the Counterclaim to assert such defenses.

## PRAYER FOR RELIEF

To the extent that an answer is required to Spigen's Prayer for Relief, Voltstar denies all allegations contained in same.

DATED: February 6, 2024          Respectfully submitted,

/s/ Matthew L. Rollin
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Voltstar Technologies, Inc.*